*JOHN W. HERRON, ADMR. v. GEO. F. STEWART AND W. T. S. JOHNSON.

CONTRACT FOR PURCHASE OF EMPLOYER'S STOCK PAYABLE OUT OF DIVIDENDS NOT LACKING MUTUALITY OR CONSIDERATION.

A contract with employes for the purchase of stock, of which the employer was to retain possession and apply part of the dividends payable thereon to the purchase price thereof, and giving the purchasers an option of making payments additional to the dividends, but containing no express promise to pay for the stock or time named within which it was to be performed, is not wanting in mutuality or consideration, and the law will cure any uncertainty as to time by fixing a reasonable period within which to complete it.

ERROR to Hamilton common pleas court.

Jacob R. Stewart entered into a written agreement with George F. Stewart, W. T. S. Johnson and L. N. Gatch, whereby he agreed to

---

*The circuit court divided in this case, modifying and reversing the common pleas, to which Judge Jelke filed a dissenting opinion which was affirmed by the Supreme Court in *Stewart* v. *Herron*, 77 Ohio St. 130.

Herron v. Stewart.

sell, and they agreed to buy in equal proportions, 360 shares of corporate stock on certain terms and conditions which were in part:

1.   The purchase price of said stock shall be its par value of $100 per share.

2.   Said stock shall remain in the name of said J. R. Stewart until it is fully paid for as herein provided, etc.

3.   All dividends declared on said stock shall be paid to said J. R. Stewart until it is paid in full.   Enough of said dividends shall be retained by him to make 4 per cent on the balance of said purchase price unpaid at the time said dividends are respectively declared, and the balance thereof applied by him on said purchase price; and as soon as said stock is fully paid for, either through dividends or otherwise, it shall be delivered to said purchasers.   In case the dividend declared any year shall be less than 4 per cent no interest shall run on said purchase price in excess of the dividend declared, and if none be declared there shall be no interest.

4.   Should said purchasers desire to make payments on said purchase price in addition to the dividends from time to time declared on said stock, they shall have the option of doing so.

There was no express promise by the purchasers to pay for said stock, and no time named in the contract itself within which it was to be performed.

John W. Herron, as administrator of the estate of Jacob R. Stewart, brought suit in the probate court, alleging that the deceased died intestate, leaving as his sole heirs, next of kin and distributees, Carrie E. Stewart, his widow, George F. Stewart, Gertrude Stewart Titus and Mary L. Hazleton, his children; that intestate at the time of his death was in possession of 360 shares of capital stock in the Bradford Machine Tool Company, of the par value of $100 each, which stock stood in decedent's name on the company's books, and the certificate representing the same came into possession of the administrators; the estate had been practically settled except as to said stock; that George F. Stewart and W. T. S. Johnson claimed an interest in these shares under a contract entered into with them and Lewis N. Gatch by deceased, the alleged contract and certain endorsements thereon being set forth in the petition; that Gatch having assigned his interest in the shares to George F. Stewart and Johnson, was not made a party to the suit; that the widow and daughters had made demand on the administrator to disregard and disaffirm the contract and distribute the shares in question to the distributees of the estate, stating also the reasons assigned by them for making such demand; and the

Hamilton County.

administrator alleging ignorance of the true course he should adopt, prayed that the parties in interest be required to appear and answer, and for a decree determining their rights and the duties of the administrator in the premises.

The younger Stewart and Johnson filed a joint answer, and Mrs. Stewart, the widow, and Mrs. Titus and Mrs. Hazleton, the daughters, filed separate answers, which practically admitted all the facts stated in the petition.

The probate court held that the contract was voidable for uncertainty and indefiniteness, but on appeal to the common pleas it was held to be valid.

**Herron, Gatch, Herron & James** and **J. W. Warrington,** for plaintiffs in error.

**Maxwell & Ramsey,** for defendants in error:

Cited and commented upon the following authorities: 1 Beach, Mod. L. Cont. Sec. 57, 73, 889; *Greenough* v. *Smead,* 3 Ohio St. 416; *Lewis* v. *Tipton,* 10 Ohio St. 88 [75 Am. Dec. 498]; *German Fire Ins. Co.* v. *Roost,* 55 Ohio St. 581 [45 N. E. Rep. 1097; 36 L. R. A. 236; 60 Am. St. Rep. 711]; *Ashland Mut. Fire Ins. Co.* v. *Housinger,* 10 Ohio St. 10; *Brown* v. *Fowler,* 65 Ohio St. 507 [63 N. E. Rep. 76]; *Nowlin* v. *Pyne,* 40 Iowa 166; *Bangor Furnace Co.* v. *Magill,* 108 Ill. 656; *Newmarket Mfg. Co.* v. *Coon,* 150 Mass. 566 [23 N. E. Rep. 380]; *Lewis* v. *Insurance Co.* 61 Mo. 534; *Minneapolis Mill Co.* v. *Goodnow,* 40 Minn. 110 [42 N. W. Rep. 356; 3 L. R. A. 796; 12 Am. St. Rep. 701]; *McCartney* v. *Glassford,* 1 Wash. St. 579 [20 Pac. Rep. 423]; 2 Cook, Corporations (5 ed.) Sec. 539; *Nunez* v. *Dautel,* 86 U. S. (19 Wall.) 560 [22 L. Ed. 161]; *Cota* v. *Buck,* 48 Mass. (7 Metc.) 588 [41 Am. Dec. 464]; *Gardner* v. *Barger,* 51 Tenn. (4 Heisk.) 668; *Palmer* v. *Hummer,* 10 Kan. 464 [15 Am. Rep. 353]; *Jones* v. *Eisler,* 3 Kan. 134; *Scott* v. *Lord Ebury,* L. R. 2 C. P. 225; *Woodland Oil Co.* v. *Crawford,* 55 Ohio St. 161 [44 N. E. Rep. 1093; 34 L. R. A. 62]; *Leatherman* v. *Oliver,* 151 Pa. St. 646 [25 Atl. Rep. 309]; *Ray* v. *Gas Co.* 138 Pa. St. 576 [20 Atl. Rep. 1065; 12 L. R. A. 290; 21 Am. St. Rep. 922]; *Clark* v. *Jones,* 1 Denio 516 [43 Am. Dec. 706]; *Galey* v. *Kellerman,* 123 Pa. St. 491 [16 Atl. Rep. 474]; *Jones* v. *Gas Co.* 146 Pa. St. 204 [23 Atl. Rep. 386]; *Wills* v. *Gas Co.* 130 Pa. St. 222 [18 Atl. Rep. 721; 5 L. R. A. 603]; *Ogden* v. *Hatry,* 145 Pa. St. 640 [23 Atl. Rep. 334]; *Smith* v. *Miller,* 49 N. J. Law 521 [13 Atl. Rep. 39]; Taylor, Landl. & Ten. Sec. 492; 1 Smith's Lead. Cas. 102, 119, 176, 177, 178; Bishop, Contracts Sec. 87; Hammond, Contracts

Herron v. Stewart.

683; Webb's Pollock, Contracts 167; Parsons, Contracts 451; Clark, Contracts 169, 170; Story, Contracts Sec. 569; *Andreas* v. *Holcombe,* 22 Minn. 339; *Underwood Typewriter Co.* v. *Realty Co.* 118 Mo. App. 197 [94 S. W. Rep. 788]; *Kauffman* v. *Raeder,* 108 Fed. Rep. 171 [47 C. C. A. 278; 54 L. R. A. 247]; *Thayer* v. *Allison,* 109 Ill. 180; *Dayton, W. V. & X. Tpk. Co.* v. *Coy,* 13 Ohio St. 84; *Himrod Furnace Co.* v. *Railway,* 22 Ohio St. 451; *Storm* v. *United States,* 94 U. S. 76 [24 L. Ed. 42]; *Harvester King Co.* v. *Mitchell,* 89 Fed. Rep. 173; *Brown* v. *Bowman,* 119 Ga. 153 [46 S. E. Rep. 410]; *Laclede Constr. Co.* v. *Iron Works,* 169 Mo. 137 [69 S. W. Rep. 384]; *American Pub. Co.* v. *Walker,* 87 Mo. App. 503; *Sagalowitz* v. *Pellman,* 32 Misc. 508 [66 N. Y. Supp. 433]; *Boyd* v. *Brown,* 47 W. Va. 238 [34 S. E. Rep. 907]; *Willets* v. *Insurance Co.* 45 N. Y. 45 [6 Am. Rep. 31]; *Train* v. *Gold,* 22 Mass. (5 Pick.) 380; *Muscatine Water Co.* v. *Lumber Co.* 85 Iowa 112 [52 N. W. Rep. 108; 39 Am. St. Rep. 284]; *Emerson* v. *Packing Co.* 96 Minn. 1 [104 N. W. Rep. 573; 1 L. R. A. (N. S.) 445; 113 Am. St. Rep. 603]; *Boone* v. *Eyre,* 1 H. Bl. 273; *Graves* v. *Legg,* 9 Ex. 709; Pollock, Contracts 266, note 10; 1 Cook, Corporations Sec. 262.

Majority opinion not reported.

JELKE, J., dissenting.

The parties evidently thought they were making a contract, a bilateral agreement, something of business significance, and intended that it would be mutually obligatory and enforceable. It does not read like à one-sided undertaking of benevolence. There is no "charity" about it.

Has that which they reduced to writing and acted upon, the essentials of a legal contract? Neither George Stewart nor Johnson are bound to stay or pay. When everything was executory there was no mutuality.

As a business proposition what was Stewart, Sr., driving at? He wanted these young men to continue in the company's employ. If they did so continue, he recognized that their services were worth to the company and to him, its largest shareholder, something over and above their respective salaries. When they had entered upon the employment and under this contract, at the end of the first day's work had they done something to and for Stewart, Sr., which he recognized as of value and which would be to him a price paid by these young men wherefore they could have the right to exercise these options? It seems to me they had.

Hamilton County.

With rare subtility this writing was framed to secure in an ac-cumulating degree that which Stewart, Sr., wanted, i. e. the loyalty and zeal of these young men. The longer they stayed, the harder they worked, the more successful their efforts, the more strongly were they cemented to the company and to him, and if they must leave, the more potent the inducement to buy.

These are the things which operated upon the mind of Stewart, Sr., and at the end of the first day's work he had received an installment on account of the consideration for the options.

It is not for us to weigh this consideration if we find from the writing it was to the mind of Stewart, Sr., the moving consideration.

I incline to the opinion that the executed consideration supporting the Johnson and Stewart shares will likewise serve as to the Gatch shares, but on this point I am willing to yield to my colleagues.

As to the uncertainty of time the law will "annex" a "reasonable time."

---

# WILLS.

[Hamilton (1st) Circuit Court, July 8, 1898.]

Marvin, Douglass and Caldwell, JJ.

(Judges Marvin and Caldwell of the eighth circuit and Judge Douglass of the fifth·circuit sitting in place of the first circuit judges.)